UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODOLFO ORTIZ, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 1:22-cv-00998 (UNA) |
| JANET YELLEN, | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, a federal prisoner currently designated to USP Coleman, has filed a *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant the IFP application and dismiss the complaint without prejudice.

The complaint is far from a model in clarity. Plaintiff sues the Secretary of the Treasury. Plaintiff alleges that he is a "vessel in commerce" and that he is a "trust created by the U.S. government for the sole benefit of the agent/secured party creditor[.]" He seemingly contends that he is the beneficiary of a "security agreement" and "indemnity agreement," that he executed with the Chief Financial Officer of Florida, and that by its terms, he is now owed $100,000,000 from the Department of Treasury. He also alleges that he sent the "Federal Reserves in Atlanta, Georgia" a FOIA request by "international mail," with an "instruction" to "abide" by the terms of the contract and demanded that it comply with his "secured party creditor rights." He seeks an order directing the Department of Treasury to comply with the contract terms and release the money that he is owed, and he further demands that the "Federal Reserves" "comply with the Freedom of Information filed thereof on August 13, 2021, and its instructions."

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the Court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

First, FOIA jurisdiction extends only to claims arising from an agency's improper withholding of records requested in accordance with agency rules. *See* 5 U.S.C. §§ 552(a)(3)(A), (4)(B)(1); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983). "An agency's obligation to disclose records is not triggered, however, until a proper request has been received." *Pickering-George v. Registration Unit, DEA/DOJ*, 553 F. Supp. 2d 3, 5 (D.D.C. 2008). A proper request shall reasonably describe the requested records and be made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed. *Marcusse v. U.S. Dep't of Justice Office of Info. Policy*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (quoting 5 U.S.C. § 552(a)(3)(A)).

Here, there is no indicia that an agency owed plaintiff an obligation under the FOIA. The complaint is devoid of any details regarding the FOIA request sufficient enough to satisfy a colorable claim, including, the actual content of the request, the information sought, the specific address or custodian to whom the FOIA request was directed, or any other enlightening information, *e.g,* a copy of the actual request submitted. And it appears plaintiff's "FOIA request"

was not, in fact, one for records. Instead, plaintiff seemingly attempted to compel the Federal Reserve to issue him a payment, which is relief that falls well outside of the limited parameters of the FOIA. *See Pickering-George*, 959 F. Supp. 2d at 4; *id.* at n.1 (finding that the "exclusive nature" of the FOIA precludes circuitous attempts at other forms of relief, including mandamus and damages awards). Moreover, plaintiff has sued an individual defendant, but the FOIA authorizes suit against federal agencies only and does not create a right of action against individual officials or employees of an agency. *United States Dep't of Navy,* 732 F. Supp. 240, 241 (D.D.C. 1990).

Second, it appears that the crux of plaintiff's claims arises from his purported entitlement to settlement proceeds from the federal government. This court cannot exercise jurisdiction over such a claim. The Tucker Act, 28 U.S.C. § 1491, gives the United States Court of Federal Claims jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. This grant of jurisdiction to the Court of Federal Claims is "exclusive," but "only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the [Court of Federal Claims]." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988). Absent other grounds for jurisdiction, a claim is subject to the Tucker Act's stringent jurisdictional restrictions if, in whole or in part*,* it explicitly or "in essence" seeks more than $10,000 in monetary relief from the federal government. *See Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967–68 (D.C. Cir. 1982); *Heller, Ehrman, White & MacAuliffe v. Babbitt*, 992 F.2d 360, 363 (D.C. Cir. 1993) (a plaintiff "may not, by creatively framing their complaint, circumvent a congressional grant of exclusive jurisdiction."). Here, plaintiff alleges that he is owed well beyond

the $10,000 jurisdictional limit. Accordingly, this court cannot exercise subject matter jurisdiction and plaintiff must seek recourse in the Court of Federal Claims. *See* Fed. R. Civ. P. 12(h)(3); *see also Hinnant v. Merrit*, 2005 WL 692075, No. 04-1915 (D.D.C. Mar. 24, 2005) (finding that case which raised a FOIA claim, combined with a breach of contract claim, belonged in the Court of Federal Claims because, ultimately, the "plain effect of a favorable judgment would be financial gain for the plaintiff") (quoting *Bliss v. England*, 208 F. Supp. 2d 2, 6 (D.D.C. 2002)).

For all of these reasons, plaintiff has failed to state a viable claim under the FOIA, *see* Fed. R. Civ. P. 8(a); 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and has failed to establish jurisdiction over his breach of contract claims. Consequently, the complaint, ECF No. 1, is dismissed without prejudice. A separate order accompanies this memorandum opinion.

TREVOR N. McFADDEN
United States District Judge

Dated: May 11, 2022